UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| *United States of America* | § § § |
| v. | §  No. 1:24-CR-00006(2) |
| *Nickolas Rostro* | § § § § |

**ORDER**

Before the Court is Defendant's Motion to Amend Detention Order, Dkt. 44. The District Judge referred the motion to the undersigned for resolution pursuant to 18 U.S.C. § 3006A(b), 28 U.S.C. § 636(b)(1)(B), and Rule 44 of the Federal Rules of Criminal Procedure. Defendant's motion, filed May 7, 2024, seeks a temporary modification of his order of detention to permit him to attend the May 10, 2024, funeral of his grandmother, who passed on April 24, 2024. Dkt. 44, at 1. Defendant proposes that he be released into the custody of "his grandmother Lesley Rostro or other family member(s) that the Court deems suitable." *Id*. The Government opposes the motion. *Id.* at 2.

Defendant faces a one-count indictment charging him with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(A). Dkt. 20. His trial is imminent, with a docket call set for June 7, 2024, and his jury trial set for June 17, 2024. Dkt. 38.

Following a contested detention hearing, the Court ordered that Defendant be detained pending his final trial and/or sentencing. Dkt. 17. The Court granted the

Government's motion to detain after concluding that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." *Id.* at 1. Among the reasons cited for this conclusion were the nature of the crime charged, the substantial weight of the evidence supporting the charge, his history of committing offenses while on pretrial release, and his illegal possession of multiple firearms at the time of a recent arrest, among others.

The Court is certainly sympathetic to Defendant's and his family's loss. However, in light of the circumstances cited above, and a looming trial date, at which he will face a substantial term of imprisonment, the Court will not authorize the requested release. Short of a two-deputy team of Deputy United States Marshals to guard Defendant over the requested period of release, a solution that is impracticable here, especially given the timing of his request, there are no conditions that can be set that provide for the safety of the community and the Defendant's future appearance in Court. For all of these reasons, the Court **DENIES** Defendant's Motion to Amend Detention Order, Dkt. 44.

SIGNED May 8, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE